IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 11-11597-TPA |
| KATHLEEN DIANE SMITH, | : | |
| Debtor | : | CHAPTER 13 |
| ---------------------------------------------- | : | |
| KATHLEEN DIANE SMITH, | : | |
| Plaintiff | : | |
| vs. | : | ADV. NO. |
| | : | |
| VERICREST FINANCIAL, INC., as servicer for | : | |
| US BANK TRUST NATIONAL ASSOCIATION, | : | |
| as Trustee for LSF7NPL TRUST, VOLT ASSET | : | |
| HOLDINGS NPL3, CALIBER HOME LOANS, | : | |
| INC., CARRINGTON MORTGAGE SERVICES, | : | |
| INC., and RONDA J. WINNECOUR, ESQUIRE, | : | |
| Chapter 13 Trustee, | : | |
| Defendants | | |

ADVERSARY COMPLAINT

COMES NOW, the Plaintiff, by and through her counsel, who files this adversary proceeding against the Defendants, a statement of which is as follows:

1. The Plaintiff is the Debtor, Kathleen Diane Smith, an individual residing at 5489 Buffalo Road, Erie, Pennsylvania 16510.

2. The attorney for the Plaintiff is Stephen H. Hutzelman, of the firm of Shapira, Hutzelman & Smith whose address is 305 West 6th Street, Erie, Pennsylvania 16507.

3. The Plaintiff filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on September 30, 2011.

4. Plaintiff received her discharge on December 16, 2016 and the case was closed April 30, 2017.

5. Defendant, Ronda J. Winnecour, Esquire, was the duly appointed Chapter 13 Trustee and attorney for the Trustee, pro se, in the bankruptcy matter, having an address of Suite 3250, USX Tower, 600 Grant Street, Pittsburgh, PA 15219.

6. Vericrest Financial, Inc., as servicer for US Bank, National Association, as Trustee for LSF7NPL Trust, ("Vericrest"), has an address of 13801 Wireless Way, Oklahoma City, Oklahoma 73134.

7. Defendant, Volt Asset Holdings NPL3, ("Volt"), has an address of 300 Delaware Avenue, 9th Floor, Wilmington, Delaware 19801.

8. Defendant, Caliber Home Loans, Inc., ("Caliber"), has an address at Customer Service, PO Box 24610, Oklahoma City, Oklahoma 73124 and 13801 Wireless Way, Oklahoma City, Oklahoma 73134.

9. Defendant, Carrington Mortgage Services, Inc., ("Carrington") has address of Customer Service, PO Box 5001, Westfield, Indiana 46074 and 1600 South Douglas Road, Suite 110, Anaheim, California 92806.

10. The Plaintiff executed a Note in the amount of $58,000.00, which Note was secured by a mortgage recorded in Erie County, Pennsylvania at Record Book 1384, at page 1600 on December 21, 2006.

11. Defendant, Vericrest filed a proof of claim at Claim No. 7 in the within case on March 30, 2012, claiming a balance due on the above mortgage as follows:

    Principal    $57,594.40
    Arrears    $17,504.61, which arrears included $9,712.45 in escrow shortage or deficiency

12. The regular mortgage payment in the Plaintiff's case was $484.05 in principal and interest, and $177.33 in escrow, for a total of $661.38 per month.

13. No notice of mortgage payment change was filed during the Chapter 13 case.

14. No transfer of claim was filed during the Chapter 13 case.

15. Plaintiff's Chapter 13 Plan was confirmed, and she made regular payments to the Trustee which payments included $39,682.80 of payments made on the post petition principal and interest obligation.

16. Approximately $10,650.00 of the payments made by the Plaintiff during her Chapter 13 case, would have been applied to the escrow obligation, and approximately $29,000.00 of those payments applied to principal and interest.

17. The arrears of $17,504.61, including the $9,712.45 in escrow arrears, were paid in full during the Chapter 13 case.

18. As a result of these payments, the balance owing on the obligation, evidenced by proof of claim number 7, would have been reduced to approximately $52,500.00.

19. On October 5, 2016, the Trustee filed her interim notice of cure of arrears in the within matter (document no. 97), a copy of which is attached hereto as Exhibit "A".

20. No party filed any response to said interim notice of cure of arrears.

21. On November 14, 2016, the Trustee filed her notice final cure payment, (document number 106), showing that the arrears of $17,504.61 had been paid in full and the mortgage had been paid by the Trustee to October 1, 2016, and a copy of said notice is attached hereto as Exhibit "B".

22. Rule 3002.1(g) of the Bankruptcy Rules of Procedure requires that the mortgagee receiving the Notice of Final Cure Payment file a responsive pleading showing agreement or disagreement with said notice within the time specified.

23. No party filed any response to the Notice of Final Cure Payment.

24. Because of the foregoing, the mortgage of the Plaintiff was current as of October 1, 2016 and there would be no escrow shortage as of that date.

25. On December 16, 2016, the Debtor's discharge was entered by this Court.

26. On March 30, 2017, this Court entered its Final Decree in the case.

27. On April 17, 2017, this Court entered an Order closing the case.

28. Defendant, Caliber, provided an escrow analysis to the Plaintiff dated February 28, 2017, a copy of which is attached hereto as Exhibits "C".

29. The escrow analysis appears to show transactions taken place in 2016 inconsistent with the Plaintiff's confirmed Chapter 13 Plan and payments made by the Trustee thereunder. For example, it shows a removal of $20,445.66 from the escrow balance in this case with no explanation as to the purpose of said transaction.

30. Defendant, Caliber, provided a payoff quote dated June 21, 2017 to the Plaintiff showing a balance owing on the mortgage of $66,173.31, a copy of which is attached hereto as Exhibit "D". This statement included charges which would have been paid as a part of the mortgage arrears in the Chapter 13 case and claimed an escrow shortage of $8,867.54, an amount which could not have been generated post petition.

31. Defendant, Volt, by its counsel, provided a payoff quotation dated June 30, 2017 claiming a balance of $66,534.06, a copy of which is attached hereto as Exhibit "E". This payoff quote has the same difficulties as the payoff provided by Caliber quoted above, but it double counted some portion of the expenses.

32. The Plaintiff has received a notice from Defendant Caliber informing her that as of July 25, 2017, the servicing of her mortgage loan would be transferred to Defendant Carrington, and a copy of this notice is attached hereto as Exhibit "F".

33. The actions of the Defendants described above overstate the principal balance owing on Plaintiff's mortgage obligation by approximately $4,000.00 and overstate the expenses and escrow on the mortgage by approximately $9,000.00.

34. The actions of the Defendants described violate the bankruptcy code in that they are inconsistent with the Order of this Court confirming the Chapter 13 Plan, inconsistent with the Notice of Final Cure provided by the Trustee, and violate the discharge injunction of the bankruptcy code.

35. The Plaintiff is entitled to a determination of the proper balance owing on her mortgage, damages for violation of the discharge injunction, attorneys fees and such other relief as the Court deems equitable and proper.

36. Plaintiff consents to the entry of a final judgment by the bankruptcy court.

WHEREFORE, Plaintiff hereby requests that this Court enter an Order of determination of the proper balance owing on her mortgage, damages for violation of the discharge injunction, attorneys fees and such other relief as the Court deems equitable and proper.

    Respectfully submitted,

    SHAPIRA, HUTZELMAN & SMITH

    By:/s/  Stephen H. Hutzelman
           Stephen H. Hutzelman, Esquire
           305 West Sixth Street
           Erie, PA 16507
           Phone: 814-452-6800
           Fax: 814-456-2227
           Email: shutzelman@shapiralaw.com
           PA ID 06541